(95 South. 374)

STATE ex rel. CITY OF MOBILE v. BOARD OF REVENUE AND ROAD COM'RS OF MOBILE COUNTY.   (1 Div. 268.)

(Supreme Court of Alabama.   Feb. 6, 1923.)

Municipal corporations ⊜=63(2)—Resolution of city to relieve county of management of street on payment of $1 held not reviewable in absence of fraud.

Under act approved November 1, 1921 (Laws Sp. Sess. 1921, p. 50), authorizing municipalities to take or resume control of any street lying within its boundary then controlled by the county, but providing (section 2) that the resolution assuming such control should also designate a sum "ascertained to be the reasonable charge to be paid by such county for being relieved" of such burden, and that the resolution should not become effective until the county has paid or contracted to pay such sum, the governing body of the

---

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

city of Mobile adopted a resolution declaring $1 to be a reasonable sum to be paid by the county of Mobile for the assumption of control by the city of certain streets, and the county paid such sum. *Held* that, though the amount paid was only nominal, the court has no authority to review in the absence of fraud.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Petition of the State of Alabama, on the relation of the City of Mobile, for writ of mandamus to the Board of Revenue and Road Commissioners of Mobile County. Judgment denying the writ, and relator appeals. Affirmed.

Frank J. Yerger, of Mobile, for appellant.

The city ordinance shows on its face that only a nominal charge was ascertained and designated, and said ordinance is void. Acts Sp. Sess. 1921, p. 50.

Gordon & Edington, of Mobile, for appellee.

The city, having ascertained and declared the amount of the reasonable charge, and having accepted the same as being reasonable, cannot repudiate that act and force the county into its former position.

SOMERVILLE, J. The proceeding is by petition for a writ of mandamus to compel the respondents, the board of revenue and road commissioners of Mobile county, "to take charge of and exercise the control, management, and supervision of" a certain street in the city of Mobile, which duty was lodged and vested in said board by the act approved August 2, 1907 (Loc. Acts 1907, p. 727). That act was held to be constitutional, and the duty thereby enjoined upon the said county board was held to be enforceable by the writ of mandamus. in State ex rel. City of Mobile v. Board of Revenue & Road Comm. of Mobile Couty, 180 Ala. 489, 61 South. 368.

For answer to the petition, the respondents say that the city of Mobile was authorized by the local act approved November 1, 1921 (Acts Sp. Sess. 1921, p. 50), to resume control and supervision of any of the city streets by a resolution adopted by the governing body; that on June 6, 1922, said city adopted such a resolution as to the street here concerned, in accordance with the provisions of said act; section 2 of said resolution recites that "the sum of one dollar has been ascertained and is hereby designated as the reasonable charge or sum to be paid by the county of Mobile to the city of Mobile for said county's being relieved of the burden of the control, management, supervision, repair, maintenance, and improvement" of said street; that said resolution became duly effective; and that on June 12, 1922, said county board, by appropriate action, yielded its authority over said street, and duly paid to the city the sum of $1, as fixed by said resolution.

A demurrer challenges the sufficiency of the answer, on the ground that the consideration of $1, ascertained and designated by the city board of commissioners as being "the reasonable charge" to be paid by the county, under the local act of November 1, 1921, was nominal merely, and not sufficient to support the resolution of the city board; wherefore it is conceived the resolution and the action taken thereunder were without binding effect, and void.

Section 2 of the act of November 1, 1921, provides:

"That such resolution shall designate the sum or sums ascertained to be the reasonable charge to be paid by such county for being relieved," etc.

The theory of the demurrer is that this provision of the act requires the payment by the county to the city of a substantial sum—a sum reasonably commensurate with the benefit received by the county, and with the burden assumed by the city. It will be observed, however, that the act makes no such requirement. No doubt it was contemplated that the city and the county board would agree upon a reasonable sum, but we think that the act requires no more than the designation of such sum as the city board regards as reasonable and proper, and that it commits its ascertainment to the sound discretion of that board, which, excepting perhaps in cases of fraud, will not be revised by the courts. The essential thing is that the board has ascertained the designated sum to be the reasonable charge, not that it is in fact so.

We think that the answer set up a good defense to the petition, and that the trial court properly overruled the demurrer thereto, and dismissed the petition.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.